# EXHIBIT 2

Case No. 1:24-mc-00074-DDD-KAS    Document 20-3    filed 07/22/24    USDC Colorado
pg 1 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-000584-DDD-KAS

ZOLL DATA SYSTEMS, INC.

       Plaintiff,

 v.

WAVE HDC, LLC
EXPERIAN HEALTH, INC.

       Defendants.

---

**NON-PARTY JORDAN LEVITT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

---

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, non-party Jordan

Levitt ("Mr. Levitt"), by and through his attorneys, Jones Day, hereby responds and objects to

the subpoena for the production of documents, dated June 24, 2024 (the "Subpoena"), served by

plaintiff ZOLL Data Systems, Inc. ("Plaintiff").

**<u>SPECIFIC OBJECTIONS TO PLAINTIFF'S DEFINITIONS, INSTRUCTIONS, AND
ALL REQUESTS</u>**

Each of the responses below is made subject to and incorporates the following Specific

Objections to Plaintiff's definitions, instructions, and all requests ("Specific Objections"):

1.      <u>Circumvention of Existing Discovery Orders</u>:  Mr. Levitt objects to all of the

Requests as improperly seeking to circumvent the Court's existing discovery-related Orders,

including the Court's Order concerning Plaintiff's Motion for Expedited Discovery (ECF No.

43), which permitted Plaintiff only to take certain 30(b)(6) and 30(b)(1) depositions on an

expedited basis and accordingly rejected Plaintiff's efforts to expedite document discovery, as

well as the Scheduling Order in this action (ECF No. 68), which provides for a November 18, 2024 substantial completion date for document production. "[C]ourts have held that Rule 45 subpoenas as subject to the same discovery deadlines and orders as any other type of discovery," and subpoenas cannot be used as an "avenue for litigants to get around unfavorable rulings by the district court." *Goldstein v. F.D.I.C.*, 494 B.R. 82, 87 (D.D.C. 2013); *see also, e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09–61436–CIV, 2014 WL 1047411, at *3 (S.D. Fla. Mar. 18, 2014) ("a subpoena may not [be] used to circumvent or do an 'end-run' around the discovery rules that apply to a party").

2.      <u>Definitions and Instructions</u>:  Mr. Levitt objects to the "Definitions" and "Instructions" used in the Subpoena to the extent that they purport to require Mr. Levitt to perform tasks beyond his obligations under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Courts for the District of Colorado (the "Local Rules"). To the extent Mr. Levitt responds to any of the requests set forth in the Subpoena (the "Requests"), he will do so pursuant to his obligations under the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

3.      <u>Requests for "Any and All" Documents</u>: Mr. Levitt objects to the Requests to the extent they seek the production of "Any and all" Document(s) concerning any given subject on the grounds that it is impracticable, overly broad, disproportionate, and otherwise unduly burdensome for Mr. Levitt, a non-party, to locate and produce every conceivable responsive document, including, without limitation, those stored electronically. "Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not

particularized; and [t]he period covered by the requests is unlimited." *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 706-707 (N.D. Tex. Oct. 20, 2017) (internal quotation marks omitted); *see also GSL Grp. Inc. v. Travelers Indem. Co.*, No. 1:18-cv-00746-MSK-SKC, 2020 WL 12813087, at *3 (D. Colo. May 27, 2020) (holding that subpoena was facially overbroad and observing that its requests for "all documents" "read like ill-drafted 'blockbuster' interrogatories, which seek to 'find out every conceivable, relevant fact that opposing litigants know' and which are repeatedly condemned by trial courts"); *Stewart v. Mitchell Transport*, No. 01–2546–JWL, 2002 WL 1558210, at *7 (D. Kans. July 11, 2002) ("the Court finds the request to be overly broad to the extent the subpoenas command AIC and Sentry to produce (1) 'information,' and (2) all documents and records 'regarding' [the defendant]").

4.    <u>Definition of "You," "Your," and "Yours"</u>:  Mr. Levitt objects to Plaintiff's definition of "You," "Your," and "Yours" on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. This definition is particularly objectionable in that it is not limited to Mr. Levitt himself, but is so broadly phrased as to purport to include each and every person acting or purporting to act as Mr. Levitt's "representative" or "agent."  To the extent Mr. Levitt responds to any of the Requests, he will do so only to the extent that the definition of "You" and "Your" is interpreted to mean and include only Mr. Levitt himself.

5.    <u>Relevance</u>:  Mr. Levitt objects to the Requests to the extent that they seek documents that are not relevant to the parties' claims or defenses in this action and/or are disproportionate to the needs of the case.

6.    <u>Documents Available From Other Sources</u>:  Mr. Levitt objects to the Requests to the extent that they call for the production of documents or information that are publicly

3

available or equally or more readily available from other sources, including the parties to this action.

7.    <u>Electronically Stored Information</u>:  Mr. Levitt objects to the Requests on the ground that they impose an undue burden on Mr. Levitt as a non-party individual to the extent they seek the production of electronically stored information (including emails) over an unspecified time period. To the extent Mr. Levitt responds to any of the Requests, such responses will be made subject to a meet and confer with Plaintiff's counsel regarding requests for electronically stored information, including any related costs of production.

8.    <u>Privilege</u>:  Mr. Levitt objects to the Requests to the extent they call for the production of documents that mention, discuss or refer to information protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, the right of privacy of any person or entity, or any other applicable privilege or immunity from disclosure. Nothing contained in these responses is intended as, or shall in any way be deemed, a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection, and nothing herein shall put in issue or constitute the affirmative use of advice of counsel or of any privileged or protected communications. To the extent Mr. Levitt responds to any of the Requests, any inadvertent production of documents protected by any applicable privilege shall not constitute a waiver of such privilege, and Mr. Levitt expressly reserves the right to claw back any such documents.

9.    <u>Third Party Privacy Rights, Notice, Approval/Waiver</u>:  Mr. Levitt objects to the Requests to the extent that they seek discovery of third-party confidential documents and information, including, but not limited to, materials, documents, or information that Mr. Levitt is prohibited from disclosing by contract, order, statute, rule, regulation, or law. To the extent Mr.

4

Levitt responds to any of the Requests, any confidential or private information of a third party, or the joint confidential information of Mr. Levitt and a third party, that the Mr. Levitt provides will be subject to the Protective Order in this action, and will be provided (if at all) only after all required/appropriate third-party notices have been given, approvals/waivers have been obtained, and any objections have been resolved.

10.    Time Period:  Mr. Levitt objects to the Requests insofar as they fail to specify a relevant time period and, as such, are not limited in time or scope in a manner that is relevant to any party's claims or defenses.

11.    Incorporation:  Mr. Levitt incorporates the foregoing Specific Objections into each of the following responses to individual Requests which are herein made subject to and without waiver of those Specific Objections.

**RESPONSES TO INDIVIDUAL REQUESTS**:

**DOCUMENT REQUEST NO. 1:**

Any and all Documents and records pertaining to Payor Logic.

**RESPONSE TO REQUEST NO. 1:**

In addition to the Specific Objections set forth above, Mr. Levitt objects to this request on the grounds that it is vague and ambiguous (including the term "records" and the phrase "pertaining to"), seeks documents that are not relevant to the parties' claims or defenses in this action, and seeks documents that are equally or more readily available from other sources, including the parties to this action. Payor Logic is not an independently-operating entity nor is it a party to this action, and Plaintiff does not allege in support of any of its claims that Mr. Levitt or any entities affiliated with Mr. Levitt improperly utilized information from Payor Logic during the time when it was operating independently. Indeed, Plaintiff's allegations concerning Payor Logic amount to little more than (1) Plaintiff's services were derived from Payor Logic's

5

intellectual property following a 2018 acquisition (FAC, ¶ 12), (2) Mr. Levitt was a co-founder of Payor Logic and left two years prior to Plaintiff's acquisition of it (FAC, ¶ 13), and (3) Mr. Levitt purportedly represented in unrelated prior litigation not involving Plaintiff that a company with which he was affiliated "copied Payor Logic's forms." (FAC, ¶ 95). While the nature of Plaintiff's interest in materials concerning Payor Logic is unclear, insofar as Plaintiff contends that any defendant in this action misused these materials, Plaintiff's request is better directed toward the defendants rather than a non-party individual. Alternately, to the extent Plaintiff seeks information concerning the aforedescribed unrelated litigation, such materials are more easily obtained from the public court docket. Mr. Levitt further objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity from disclosure.

Based on the foregoing objections, Mr. Levitt has not searched for and will not produce materials responsive to this Request, insofar as any such materials exist and are within Mr. Levitt's custody, possession, or control.

## DOCUMENT REQUEST NO. 2:

Any and all Documents and records pertaining to ZOLL Data Systems, Inc.

## RESPONSE TO REQUEST NO. 2:

In addition to the Specific Objections set forth above, Mr. Levitt objects to this request on the grounds that it is vague and ambiguous (including the term "records" and the phrase "pertaining to"), seeks documents that are not relevant to the parties' claims or defenses in this action, and seeks documents that are equally or more readily available from other sources, including the parties to this action. Indeed, this Request is substantively identical to requests for production Plaintiff had previously served on the defendants in this action. *See, e.g.*, Request for

6

Production No. 1 to Experian Health, Inc. ("All documents, communications, or ESI concerning ZOLL . . . ."); Request for Production No. 5 to Wave HDC, LLC ("All documents, communications, or ESI concerning ZOLL . . . ."). Given that discovery remains in its early stages and Plaintiff has conceded that it expects further discovery to be forthcoming from the defendants (*see generally* ECF No. 82), it is, at minimum, premature to seek discovery from a non-party individual that is coextensive with discovery requests that Plaintiff has already served on the defendants. Mr. Levitt further objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity from disclosure.

Based on the foregoing objections, Mr. Levitt has not searched for and will not produce materials responsive to this Request, insofar as any such materials exist and are within Mr. Levitt's custody, possession, or control.

**DOCUMENT REQUEST NO. 3:**

Any and all Documents and records pertaining to Experian Health, Inc.

**RESPONSE TO REQUEST NO. 3:**

In addition to the Specific Objections set forth above, Mr. Levitt objects to this request on the grounds that it is vague and ambiguous (including the term "records" and the phrase "pertaining to"), seeks documents that are not relevant to the parties' claims or defenses in this action, and seeks documents that are equally or more readily available from other sources, including the parties to this action. Plaintiff served ten requests for production on defendant Experian Health, Inc. on April 24, 2024 and, pursuant to the Court's Scheduling Order, may serve fifteen additional requests for production on Experian Health, Inc. at any time before the December 6, 2024 deadline to serve discovery requests (ECF No. 68, pp. 15-16). While

7

Plaintiff's vague Request provides no insight into the specific materials that Plaintiff is seeking, Plaintiff should first seek to obtain those materials, to the extent they are not already responsive to one of Plaintiff's existing requests for production, from Experian Health, Inc., rather than from Mr. Levitt, a non-party individual. Mr. Levitt further objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity from disclosure.

Based on the foregoing objections, Mr. Levitt has not searched for and will not produce materials responsive to this Request, insofar as any such materials exist and are within Mr. Levitt's custody, possession, or control.

**DOCUMENT REQUEST NO. 4:**

Any and all Documents and records pertaining to the litigation entitled *Frontrunner HC, Inc. v. Waveland RCM, LLC.*

**RESPONSE TO REQUEST NO. 4:**

In addition to the Specific Objections set forth above, Mr. Levitt objects to this request on the grounds that it is vague and ambiguous (including the term "records" and the phrase "pertaining to"), seeks documents that are not relevant to the parties' claims or defenses in this action, and seeks documents that are equally or more readily available from other sources, including the parties to this action and the public court docket for the litigation referenced in this Request. Plaintiff's reference to this litigation in its Complaint—litigation to which Plaintiff was not a party and which Plaintiff fails to allege was in any way connected to the present matter— amounts to little more than an effort to utilize the forum of a court pleading to level scandalous allegations against Mr. Levitt and place improper propensity evidence before the Court. Such efforts do not, however, render this litigation relevant. Mr. Levitt further objects to this Request

8

to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity from disclosure.

Based on the foregoing objections, Mr. Levitt has not searched for and will not produce materials responsive to this Request, insofar as any such materials exist and are within Mr. Levitt's custody, possession, or control.

Dated: July 5, 2024                                    JONES DAY

By: /s/ *Richard J. Grabowski*
      Richard J. Grabowski

Attorneys for Non-Party Jordan Levitt

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of July, 2024, the original of this document, NON-PARTY JORDAN LEVITT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS, was served by email on the following:

Gregory S. Bombard
Linda M. Ricci
GREENBERG TRAURIG, LLP
One International Place
Suite 2000
Boston, Massachusetts 02110
Tel: (617) 310-6000
Gregory.Bombard@gtlaw.com
Linda.Ricci@gtlaw.com

Lindsay N. Aherne (CO #48391)
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Tel: (303) 572-6508
ahernel@gtlaw.com

*/s/ Ryan D. Class*
Ryan D. Class

10
